UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FREEDOM MORTGAGE CORPORATION, <br><br> Defendant. | Case No. 1:24-cv-01304-CDB <br><br> ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFFS' FAILURE TO PROSECUTE AND COMPLY WITH THE LOCAL RULES <br><br> (Doc. 17) <br><br> **14-DAY DEADLINE** |

**Relevant Background**

On March 28, 2024, Plaintiffs Terrance Marsh and Gesele Marsh ("Plaintiffs"), proceeding pro se, initiated this action with the filing of a complaint in the Superior Court for the State of California, County of Kern in the action titled *Terrance Marsh and Gesele Marsh vs. Freedom Mortgage*, Case No. BCV24101027 ("state court action"). (Doc. 1). Defendant Freedom Mortgage Corporation ("Defendant") removed the action to this Court on October 24, 2024. (*Id.*). On December 9, 2024, Plaintiffs filed the first amended complaint. (Doc. 13). On January 8, 2025, Defendant filed the pending motion to dismiss the first amended complaint and served the motion upon Plaintiffs. (Doc. 17). Plaintiffs have failed to file an opposition or statement of non-opposition.

///

**<u>Order to Show Cause</u>**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110.  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Further, Local Rule 230 states in relevant part: "Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question." E.D. Cal. Local Rule 230(c).

Plaintiffs have failed to file an opposition or statement of non-opposition to the pending motion, and the time to do so has now passed.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

Accordingly, the Court **ORDERS** Plaintiffs to show cause in writing **within 14 days** of the date of service of this order, why sanctions should not be imposed for their failure to comply with the Local Rules. Alternatively, within that same time, Plaintiffs may file an opposition or statement of non-opposition to the pending motion to dismiss filed on January 8, 2025.

**Any failure by Plaintiffs to respond to this Order may result in the recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute.**

IT IS SO ORDERED.

Dated:   **January 31, 2025**            _____
                                         UNITED STATES MAGISTRATE JUDGE