UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM MORTGAGE<br>CORPORATION,<br><br>Defendant. | Case No. 1:24-cv-01304-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 17)<br><br>**14-DAY OBJECTION PERIOD** |

Pending before the undersigned is the motion of Defendant Freedom Mortgage Corporation ("Defendant") to dismiss the operative first amended complaint ("FAC"), filed on January 8, 2025.[1] (Doc. 17). Plaintiffs Terrance Marsh and Gesele Marsh ("Plaintiffs"), proceeding pro se, filed an opposition to the motion on February 18, 2025, and Defendant filed a reply on February 27, 2025. (Docs. 22, 27). Following review of the parties' filings made in connection with the motion, the Court deemed the motion suitable for disposition without hearing and oral argument and vacated the motion hearing set for February 25, 2025. (Doc. 20) (citing Local Rule 230(g)). For the reasons set forth herein, the undersigned will recommend granting Defendants' motion to dismiss the FAC with leave to amend.

---

[1] On January 22, 2026, the assigned district judge referred the pending motion to dismiss to the undersigned for the preparation of findings and recommendations. *See* (Doc. 49).

## I.    Relevant Background

### A.    Procedural History

Plaintiffs, proceeding pro se, initiated this action with the filing of a complaint against Defendant in state court on March 28, 2024, before Defendant removed the case to this Court on October 24, 2024.  (Doc. 1).  On December 9, 2024, Plaintiffs filed the operative FAC against Defendant. (Doc. 13).

### B.    Factual Background of Plaintiffs' FAC

In the FAC, Plaintiffs allege that they entered into a verbal agreement with Defendant on September 20, 2021, for a full modification agreement relating to a VA loan (the "Loan") on their residential property in California City (the "Property") after Plaintiffs voluntarily exited a forbearance program.  *Id.* at 1-2.  Plaintiffs allege they "did arrange and negotiate for a full modification package with Defendant …, allowing for monies that were owed (during the forbearance) and placed in arrears on Plaintiffs['] VA backed loan." *Id.*

According to their allegations, the modification agreement required Plaintiffs to make "higher monthly payments for a period of 90 days, after which, the original interest rate of 3.2% before the pandemic would stay the same on Plaintiffs['] VA backed loan, and therefore, a full modification would be sent after completion of trial payments."  *Id.* at 2.  Plaintiffs allege they would have signed and returned the full modification agreement timely had Defendants sent the modification agreement, and Plaintiffs continuously made payments for over two years waiting for the agreed modification while Defendant "did not fulfill the promise to give Plaintiffs a full modification agreement[.]"  *Id.*  Plaintiffs allege that "it was only after filing a lawsuit did [] Defendant[] offer Plaintiffs an opportunity for a full modification agreement, however it was of a higher interest rate."  *Id.*

Plaintiffs allege in July 2023 that Defendant sent Plaintiffs a partial modification plan "after two years of broken agreement, and a continuous payment from Plaintiffs without any qualification of rescindment[.]"  *Id.* at 3.  Plaintiffs allege they were prevented from using equity in their Property to pay accounts because Defendant reported false information to Plaintiffs' VA representatives, insurance company, and other agencies.  *Id.*  Plaintiffs allege that they tried to do another loan

2

modification in February 2024 and again received a higher interest rate than the 3.2% interest that was agreed upon in 2021.  *Id.* at 4.

Plaintiffs allege Defendant violated federal law by initiating the foreclosure process before Plaintiffs' loan was more than 120 days late.  *Id.* at 6 (citing 12 U.S.C. § 3709(a)(2)).[2]  Plaintiffs appear to allege a cause of action for wrongful foreclosure under Cal. Civ. Code § 2923.6, asserting "all [they] had to allege was that they met their statutory obligation by timely tendering the amount required by Civil Code section 2924c to stop the foreclosure."  *Id.* at 6-7.

Plaintiffs allege Defendant's acts have caused their "privacy to be interrupted and harassed by numerous daily calls from solicitors asking to purchase home and this has caused Plaintiffs embarrassment, [and] intentional [i]nfliction of emotional distress[.]"  *Id.* at 8.

In their prayer for relief, Plaintiffs seek actual damages, special damages, punitive damages, including "damages for the real amount of estate property that is in question" and for emergency preliminary permanent injunctive relief "because of broken promise from Defendants [of which] Plaintiffs relied to their detriment."  *Id.* at 10.  Plaintiffs request an "immediate removal of derogatory billing" and for actual damages of $270,000.00 based on the "value of home[,]" special damages and legal fees of $80,000.00, and punitive damages of $200,000.00.  *Id.*

## II.    <u>Governing Authority</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a plaintiff's complaint for failing "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)).  A complaint may be dismissed as a matter of law either for lack of a

---

[2] Insofar as Plaintiffs assert a claim under § 3709(a)(2), Plaintiffs' allegations are insufficient.  Section 3709(a)(2) provides that "the foreclosure commissioner shall withdraw the security property from foreclosure and cancel the foreclosure sale only if … (2) the commissioner finds, upon application of the mortgagor at least three days prior to the date of the sale, that the default or defaults upon which the foreclosure is based did not exist at the time of service of the notice of default and foreclosure sale[.]"  12 U.S.C. § 3709(a)(2).  The undersigned agrees with Defendants that the FAC fails to allege sufficient facts to state any claim under that provision or pursuant to the Multifamily Mortgage Foreclosures Act generally.  (Doc. 17 at 14); *see generally* 12 U.S.C. 3701 *et seq.*

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief).  A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010).  The complaint need not include "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).  The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).  Nor does the court "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Leave to amend should be freely granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); Fed. R. Civ. P. 15(a).

4

Finally, courts must construe pro se pleadings liberally and hold such pleadings to a less stringent standard than those drafted by attorneys. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers[.]'") (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  A court should dismiss a pro se complaint if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III.    Parties' Contentions

Defendant moves the Court to dismiss Plaintiff's FAC because the FAC fails to state a claim upon which relief can be granted.  (Doc. 17 at 6).  Defendant contends the claim for promissory estoppel fails because it is barred by the economic loss doctrine, and Plaintiffs fail to identify what law they rely on in seeking damages related to their credit. *Id.* at 7.  Defendant further contends that Plaintiffs' claims related to false or inaccurate credit reporting fail under both state and federal law. *Id.*  Specifically, Defendant argues that any claim under California law for damages relating to Plaintiffs' credit is barred by the Fair Credit Reporting Act ("FCRA"), and any claim under the FCRA fails because Plaintiffs do not allege that they complained to any credit reporting agency ("CRA"), that the CRA notified Defendant or that Defendant failed to investigate any alleged inaccuracies or otherwise failed to comply with the requirements of Section 1681s-2(b) of the FCRA. *Id.*  Defendant contends Plaintiffs' claim for injunctive relief fails because Plaintiffs' substantive claims are not cognizable. *Id.*  Defendant argues the request for punitive damages should be dismissed for failure to plead sufficient facts implicating such damages. *Id.*

Plaintiffs contend their promissory estoppel claim is not barred by the economic loss doctrine because the doctrine "does not preclude recovery where tortious conduct or independent wrongdoing is alleged" and Plaintiffs "allege that Defendant's failure to fulfill its promise of a full loan modification caused financial and emotional harm beyond mere contractual damages."  (Doc. 22 at 3).  Separately, Plaintiffs argue their credit reporting claims are not preempted by the FCRA as Plaintiffs allege misconduct beyond the scope of the FCRA, specifically that Defendant

misrepresented credit information to third parties resulting in reputational and financial harm, actions of which are not covered by the FCRA's immunity provisions. *Id.* at 4. Plaintiffs contend the FAC sufficiently states a claim for wrongful foreclosure based on the allegations that Defendant initiated foreclosure proceedings despite Plaintiffs not being delinquent beyond 120 days and while they were actively pursuing a loan modification. *Id.* Plaintiffs assert their request for injunctive relief is proper because Plaintiffs allege specific statutory violations that entitle them to injunctive relief, including Defendant's failure to acknowledge loan modification applications, prevent dual tracking, and provide proper notice under Civil Code Sections 2923.55 and 2924.10. *Id.* at 5. Lastly, Plaintiffs argue they sufficiently plead entitlement to punitive damages as Plaintiffs describe Defendant's intentional and reckless conduct including reporting false credit information and initiating wrongful foreclosure proceedings. *Id.*

In reply, Defendant argues that Plaintiffs' admission that the FAC is predicated exclusively on Defendant's alleged breach of contractual obligations is fatal to their claim of promissory estoppel and recovery of punitive damages. (Doc. 27 at 2). Defendant argues that to the extent Plaintiffs attempt to assert state or federal claims for false or inaccurate reporting, wrongful foreclosure, or injunctive relief, no factual allegations or independent causes of action were stated in the FAC to support them. *Id.* Defendant contends that the Court should dismiss the FAC without leave to amend because Plaintiffs' new extraneous assertions and legal conclusions advanced in the opposition are insufficient to establish that a valid cause of action has been alleged against Defendant in the FAC. *Id.*

## IV.    Discussion[3]

### A.    Promissory Estoppel State Law Claim

#### 1.    *Governing Authority*

"Under California law, the elements of promissory estoppel are (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance

_____

[3] Because Plaintiffs' FAC neither references nor otherwise plausibly asserts claims pursuant to the FCRA and is devoid of allegations supporting such a claim, the undersigned does not reach Defendant's arguments relating to FCRA. (Doc. 17 at 10-14); *see generally* (Doc. 13).

must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 792 (9th Cir. 2012). "The purpose of this doctrine is to make a promise that lacks consideration (in the usual sense of something bargained for and given in exchange) binding under certain circumstances." *Boon Rawd Trading Intern. Co., Ltd. v. Paleewong Trading Co., Inc.*, 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010) (citing *Youngman v. Nev. Irrigation Dist.*, 70 Cal. 2d 240, 249 (Cal. 1969)).

         2.      *Analysis*

Plaintiffs premise their promissory estoppel claim on the allegations that Defendant verbally promised to provide a full loan modification based on Plaintiffs' completion of submitting payments on the Loan at a higher monthly payment for a period of 90 days.[4] *See* (Doc. 13 at 1-2).

Here, even if Plaintiffs' allegations were sufficient to establish that they relied on a promise by Defendant that was clear and unambiguous in its terms, Plaintiffs' promissory estoppel claim fails because Plaintiffs do not adequately plead that they reasonably and detrimentally relied on any such promise. Plaintiffs' allegations that they continued to make payments for over two years show that they "complied with [their] preexisting contractual duties and are not sufficient to show detrimental reliance on the alleged promise to provide [a full] loan modification. *Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp. 3d 929, 952 (N.D. Cal. 2014) (citing *Lawther v. OneWest Bank, FSB*, No. 10-cv-00054-JCS, 2012 WL 298110, at *19 (N.D. Cal. Feb. 1, 2012) ("holding that 'where the injury alleged as a result of reliance is that the plaintiffs made payments that they were already obligated to make under the loan contract, no claim for promissory estoppel is stated.'"). *See De La Cruz v. Citi Mortg. Inc.*, No. 1:12–cv–0141–AWI–BAM, 2012 WL 487004, *3 (E.D.

---

[4] Defendant's argument that Plaintiffs' promissory estoppel claim is barred by the economic loss doctrine is unavailing. *See* (Doc. 17 at 9-10). First, in the chief case upon which Defendant relies for its argument (*Sheen v. Wells Fargo Bank, N.A.*), the California Supreme Court expressly declined to consider whether the rule bars a promissory estoppel claim. 12 Cal. 5th 905, 915-16, 943. Second, "[t]he purpose of the doctrine of promissory estoppel is to permit a court of equity to excuse the absence of consideration for an otherwise enforceable promise." *JMP Securities LLP v. Altair Nanotechnologies, Inc.*, 880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012) (citing *Youngman*, 70 Cal. 2d at 249). Because promissory estoppel is used as a substitute for consideration, it is not an alternate tort theory that is subject to the economic loss rule. Therefore, the undersigned disregards Defendant's arguments thereto.

Cal. Feb. 14, 2012) ("[P]laintiffs do not allege sufficient reliance on the new representation, in that plaintiffs already were bound contractually to make loan payments. Accordingly, Plaintiffs do not state a claim for promissory estoppel"); accord *Griffin v. Green Tree Servicing, LLC*, No. cv-14-09408 MMM (VBKx), 2015 WL 10059081, at *6 (C.D. Cal. Oct. 1, 2015) (same) (citing cases); *Ortiz v. America's Servicing Co.*, No. ED-cv-12–191 CAS (SPx), 2012 WL 2160953, *7 (C.D. Cal. June 11, 2012) (same); *Newgent v. Wells Fargo Bank, N.A.*, No. 09–cv–1525 WQH, 2010 WL 761236, *7 (S.D. Cal. Mar. 2, 2010) (same).[5]

Stated otherwise, Plaintiffs fail to adequately plead facts from which a reasonable inference may be drawn that they were "induced to take some specific action, that [they] actually changed [their] position in reliance on Defendant['s] purported promises, or that other possible … options [they] might have pursued would have been successful[.]" *Nguyen v. PennyMac Loan Servs., LLC*, No. SA-cv-12–01574 CJC (ANx), 2012 WL 6062742, at *8 (C.D. Cal. Dec. 5, 2012).   Indeed, Plaintiffs' allegations that Defendant "ruined Plaintiffs opportunity for an equity loan" is insufficient to show that they could establish that they would have been successful in obtaining an equity loan to save their home from foreclosure.  *See* (Doc. 13 at 8); *Newgent*, 2010 WL 761236, at *7 ("Plaintiff alleged[ ] she failed to take legal action to delay the trustee's sale because she believed Wells Fargo had already agreed to delay the sale in exchange for her $2,500.77 payment. Plaintiff does not, however, allege facts that could establish that [she] would have been successful in delaying the foreclosure sale, renegotiating her loan, and retaining possession of the home"); *Mehta v. Wells Fargo Bank, N.A.*, No. 10-cv-944 JLS, 2011 WL 1157861, at *2 (S.D. Cal. Mar. 29, 2011) ("Plaintiff attempts to plead reliance by alleging that he would have pursued other means to avoid foreclosure had Wells Fargo not promised to delay the sale. In support, [p]laintiff identifies several means—tendering funds to cure the default, obtaining a temporary restraining order, and seeking bankruptcy protection. What [p]laintiff has not alleged, however, is whether he realistically

---

[5] Contrary to Defendant's argument and as noted in one of the decisions cited by Defendant (*see* Doc. 17 at 11-12), FCRA does not preempt Plaintiffs' promissory estoppel claims "even to the extent that they assert damages related to the disclosure of credit information." *Desser v. U.S. Bank, N.A.*, No CV 13-09190 DDP (CWx), 2014 WL 4258344, at *4 (C.D. Cal. Aug. 27, 2024).

could have pursued these options three business days before the sale. The SAC does not allege any facts suggesting that [p]laintiff would have been successful in taking legal action[.]").

### B.    Wrongful Foreclosure State Law Claim Under Cal. Civ. Code § 2923.6

"[A] lender's practice of negotiating with homeowners in default on their loans for a loan modification while simultaneously advancing the foreclosure process is commonly referred to as 'dual tracking.'   In July 2012, California passed legislation referred to as 'The California Homeowner Bill of Rights' ("HOBR") which offers homeowners greater protection during the foreclosure process.  In particular, … § 2923.6(c)[] prohibits dual tracking." *Flores v. Nationstar Mortg. LLC*, No. CV 13–3898–PLA, 2014 WL 304766, at *3 (C.D. Cal. Jan. 6, 2014) (citing *Singh v. Bank of Am., N.A.*, 2013 WL 1858436, at *2 (E.D. Cal. May 2, 2013)).

Section 2923.6 provides that "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c).

Here, as noted above, Plaintiffs' FAC appears to raise a cause of action under Cal. Civ. Code § 2923.6 based on the prohibition against dual tracking. (Doc. 13 at 6).  Although Plaintiffs' FAC details background information on the prohibition against dual tracking in referencing various provisions of Cal. Civ. Code §§ 2923 and 2924, and on the HBOR's prohibitions thereto, Plaintiffs fail to allege that they completed and submitted any application for a loan modification to Defendant before Defendant proceeded with the foreclosure sale of the Property on November 16, 2023. *See* (Doc. 13 at 5).  Indeed, Plaintiffs allege only that they "would have signed and returned the full modification agreement timely had Defendant[] … sent the modification agreement." *Id.* at 2.  To state a cognizable claim under § 2923.6, Plaintiffs must allege that they completed and submitted a loan modification application that was pending before the mortgage servicer, *i.e.* Defendant.  *See Flores*, 2014 WL 304766 at *4 (denying motion to dismiss because "plaintiffs allege that despite their submission of a loan application that was completed after January 1, 2013, defendant conducted a foreclosure sale of the subject property while the application was pending.");

*Corral v. Select Portfolio Servicing, Inc.*, No. 14-cv-02251-MEJ, 2014 WL 3900023, at *5 (N.D. Cal. Aug. 7, 2014) (finding plaintiffs "plead facts to support the inference that they submitted a complete loan modification application, and that [d]efendants initiated foreclosure proceedings while that application was pending" where the FAC alleged that "they emailed Select the necessary application form and all supporting financial documents … [and] acknowledged receipt of the application two days later and informed [p]laintiffs that a decision would be coming in 30-45 days.").

Because Plaintiffs fail to state a claim under the HBOR, Plaintiffs' requests for damages and injunctive relief under the statute likewise fails. *See Mulato*, 78 F. Supp. 3d at 960 (denying request for injunctive relief "[f]or the reasons set forth in the Court's ruling on Wells Fargo's motion to dismiss the [FAC].").

### C. Leave to Amend is Warranted

As noted above, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(2). However, district courts are only required to grant leave to amend if a complaint can be saved. *Lopez*, 203 F.3d at 1129. A court should dismiss a pro se complaint if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Here, the undersigned is unable to find that it is absolutely clear that the FAC's deficiencies could not be cured by amendment. Therefore, the undersigned will recommend Defendant's motion to dismiss be granted with leave to amend. *Lopez*, 203 F.3d at 1129.

### V. **Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (Doc. 17) be GRANTED.

2. Plaintiffs' first amended complaint (Doc. 13) be DISMISSED with leave to amend.

3. Plaintiffs be ORDERED to file within 21 days of any order adopting these findings and recommendations any second amended complaint ("SAC") consistent with this order.

4. Defendants be ORDERED to file a response to any timely filed SAC within **14 days** of its filing.

10

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent any party wishes to refer to any exhibit(s), that party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **May 4, 2026**

_____
UNITED STATES MAGISTRATE JUDGE