**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRANCE MARSH, *et al.*, | No. 1:24-cv-01304 JLT CDB |
| Plaintiffs, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| FREEDOM MORTGAGE CORPORATION, | |
| Defendant. | (Doc. 51) |

Terrance Marsh and Gesele Marsh proceed pro se with a first amended complaint asserting state law claims for promissory estoppel and wrongful foreclosure against Defendant Freedom Mortgage Corporation. (Doc. 13.) On January 8, 2025, Defendant filed a motion to dismiss the FAC for failure to state a claim upon which relief can be granted. (Doc. 17.) The motion was referred to the assigned district judge for the preparation of findings and recommendations. (Doc. 49.)

On May 4, 2026, the assigned magistrate judge issued findings and recommendations to grant Defendant's motion to dismiss the FAC with leave to amend. (Doc. 51.) The Court served the findings and recommendations on all parties, and Plaintiffs timely filed objections. (Doc. 53.) Defendant did not file any response to Plaintiffs' objections.

In their objections, Plaintiffs contend that the findings and recommendations "improperly construe Plaintiffs' allegations narrowly rather than liberally as required for pro se pleadings" as

1

Plaintiffs "sufficiently alleged plausible claims arising from Defendant's conduct[.]" (Doc. 53 at 2.) Plaintiffs assert that its allegations in the FAC "are sufficient to plausibly establish detrimental reliance and resulting damages" and "plausibly support a 'dual tracking' claim[.]" *Id.* at 3, 4. Plaintiffs argue that "[t]o the extent the Court finds additional specificity [is] necessary[,] … [they] request leave to further amend rather than dismissal of these claims." *Id.* at 4.

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiffs' objections, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

Plaintiffs' objections do not undermine the magistrate judge's conclusions that "Plaintiffs' promissory estoppel claim fails because Plaintiffs do not adequately plead that they reasonably and detrimentally relied on any such promise" and Plaintiffs' wrongful foreclosure claim fails because they "fail to allege that they completed and submitted any application for a loan modification to Defendant before Defendant proceeded with the foreclosure sale of the Property on November 16, 2023."[1] (Doc. 51 at 7, 9.) The magistrate judge properly found that because it is not "absolutely clear that the FAC's deficiencies could not be cured by amendment[,]" Plaintiffs should be granted with leave to amend. *Id.* at 10 (citing *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000).)

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on May 4, 2026 (Doc. 51) are **ADOPTED** in full.

2. Defendant's motion to dismiss (Doc. 17) is **GRANTED**.

3. Plaintiffs' first amended complaint (Doc. 13) is **DISMISSED** with leave to amend.

4. Plaintiffs **SHALL FILE** within 21 days of service of this order a second amended complaint ("SAC") consistent with this order.

5. Defendant **SHALL FILE** a response to any timely filed SAC within 14 days of its

---

[1] As to the wrongful foreclosure claim, Plaintiffs attach to the FAC as Exhibit D numerous emails to Defendant that attach various financial documents, but it remains unclear whether Plaintiffs submitted a completed application for a loan modification and if so when that completed application was submitted relative to the initiation of the foreclosure process.

2

filing.

IT IS SO ORDERED.

Dated:    **June 12, 2026**

UNITED STATES DISTRICT JUDGE