UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>        Defendant. | Case No. 1:24-cv-01304-JLT-CDB<br><br>ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFFS' FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS AND THE LOCAL RULES<br><br>(Doc. 17)<br><br>**<u>14-DAY DEADLINE</u>** |

On March 28, 2024, Plaintiffs Terrance Marsh and Gesele Marsh ("Plaintiffs"), proceeding pro se, initiated this action with the filing of a complaint against Defendant Freedom Mortgage Corporation ("Defendant") in state court on March 28, 2024, before Defendant removed the case to this Court on October 24, 2024. (Doc. 1). On December 9, 2024, Plaintiffs filed the operative FAC against Defendant. (Doc. 13).

On May 4, 2026, the undersigned issued findings and recommendations to grant Defendant's motion to dismiss the FAC with leave to amend. (Doc. 51). Plaintiffs timely filed objections on May 19, 2026. (Doc. 53). On June 12, 2026, the Court adopted the findings and recommendations and granted Defendant's motion to dismiss the FAC with leave to amend. (Doc. 55). Plaintiffs were ordered to file within 21 days of service of the order a second amended complaint ("SAC") consistent with the order (*e.g.*, no later than July 3, 2026). *Id.* at 2. Plaintiffs

have failed to file a SAC or any timely request for extension of the deadline to do so.

**Order to Show Cause**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiffs' SAC was due on or before July 3, 2026. Plaintiffs have failed to file a SAC, and the time to do so has now passed. Because Plaintiffs' conduct violates Local Rule 110, the undersigned will order Plaintiffs to show cause in writing why sanctions should not issue.

**Conclusion and Order**

Accordingly, the Court **ORDERS** Plaintiffs to show cause in writing **within 14 days** of the date of service of this order, why sanctions should not be imposed for their failure to comply with the Court's orders. Alternatively, within that same time, Plaintiffs may file a SAC consistent with the Court's June 12, 2026, Order. (Docs. 51, 55).

**Any failure by Plaintiffs to respond to this Order may result in the recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute.**

IT IS SO ORDERED.

Dated:   **July 8, 2026**                    _____

UNITED STATES MAGISTRATE JUDGE