UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TERRANCE MARSH, *et al.*,

Plaintiffs,

v.

FREEDOM MORTGAGE CORPORATION,

Defendant.

Case No. 1:24-cv-01304-JLT-CDB

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND TO PROSECUTE THE CASE

(Doc. 56)

**14-DAY OBJECTION PERIOD**

On March 28, 2024, Plaintiffs Terrance Marsh and Gesele Marsh ("Plaintiffs"), proceeding pro se, initiated this action with the filing of a complaint against Defendant Freedom Mortgage Corporation ("Defendant") in state court on March 28, 2024, before Defendant removed the case to this Court on October 24, 2024. (Doc. 1). On December 9, 2024, Plaintiffs filed the operative first amended complaint ("FAC"). (Doc. 13).

On June 12, 2026, the Court adopted the undersigned's findings and recommendations and granted Defendant's motion to dismiss the FAC with leave to amend. (Docs. 51, 55). Plaintiffs were ordered to file within 21 days of service of the order a second amended complaint ("SAC") consistent with the order (*e.g.*, no later than July 3, 2026). *Id.* at 2. After Plaintiffs failed to file a SAC or any timely request for extension of the deadline to do so, on July 8, 2026, the undersigned ordered Plaintiffs to show cause ("OSC") in writing within 14 days of the date of service of the

order why sanctions should not be imposed for their failure to comply with the Court's orders. (Doc. 56). Plaintiffs were permitted to comply in the alternative within that same time by filing a SAC consistent with the Court's June 12, 2026, Order. *Id.* at 2. Plaintiffs were forewarned that "**[a]ny failure by Plaintiffs to respond to this Order may result in the recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute**." *Id.* (emphasis in original).

Plaintiffs have failed to file any response to the OSC or to timely file a SAC consistent with the Court's June 12, 2026, Order, and the time to do so has expired. For the reasons set forth below, the undersigned will recommend that the Court dismiss this action without prejudice for Plaintiffs' failure to comply with the Court's orders and to prosecute the case.

**Governing Legal Standards**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks &

citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Plaintiffs have failed to comply with the Court's orders and failed to prosecute the action. Specifically, Plaintiffs failed to timely file a SAC consistent with the Court's order dismissing the FAC and they separately failed to respond to the Court's OSC why this action should not be dismissed for their failure to comply with the Court's orders. Given dismissal of the FAC on a finding that it asserted no cognizable claims, there are no other reasonable alternatives available to address Plaintiffs' failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiffs' compliance with the Court's June 12, 2026, order to file a SAC and compliance with the Court's OSC issued on July 8, 2026. (Docs. 55, 56). The presumption of injury holds given Plaintiffs' unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendant—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiffs have not moved this case forward toward disposition on the merits. They instead have failed to comply with this Court's orders and by such conduct are impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order to show cause, requiring a response from Plaintiffs, cautioned: "**Any failure by Plaintiffs to respond to this Order may result in the recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute**." (Doc. 56 at 2) (emphasis in original).

Plaintiffs were adequately forewarned that their failure to timely respond to the show cause order could result in a recommendation for imposing terminating sanctions. Having considered and balanced the equities noted above, because Plaintiffs have failed to comply with this Court's orders and failed to prosecute the action, the undersigned will recommend dismissal of this action.

**<u>Conclusion and Recommendation</u>**

For the foregoing reasons, the undersigned **RECOMMENDS** that:

1. The Court DISMISS this action without prejudice for Plaintiffs' failure to to comply with the Court's orders and to prosecute this action. *See* Local Rule 110.
2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **<u>Within 14 days</u>** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

///

///

///

///

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **July 24, 2026**

UNITED STATES MAGISTRATE JUDGE